Eric Fagan SBN 87071
Jeremy S. Golden SBN 228007
LAW OFFICES OF ERIC F. FAGAN
2220 Otay Lakes Rd. #502-84
Chula Vista, Ca. 92116
efagan@efaganlaw.com
Phone: 619-656-6656
Fax: 775-703-7661

Tim Cook
3901 Taiga Drive
Anchorage, AK 99516
Phone: 907-336-5291
Fax: 907-336-5293
tcook@acsalaska.net
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| PAT PRODEN & SHAUN PRODEN, <br><br> Plaintiffs <br><br> v. <br><br> NCO FINANCIAL SYSTEMS, INC., a corporation; MIKE VOLTER, an individual; JASON CONLON, an individual; JEREMY DOE, an individual; and DOES 2 through 10 inclusive, <br><br> Defendants | Civil Case No.: 3:06-CV-00103 TMB <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## COMPLAINT

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

COMPLAINT AND DEMAND FOR JURY TRIAL

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff PAT PRODEN is natural person who resided in Alaska at all times material to this complaint.

4. Plaintiff SHAUN PRODEN is a natural person who resided in Alaska at all times material to this complaint.

5. Defendant NCO FINANCIAL SYSTEMS, INC. is a professional corporation doing business of collecting debts in this state with its principal place of business located at 507 Prudential Road, Horsham, PA 19044. The principal business of Defendant NCO is the collection of debts using the mails and telephone. Defendant NCO regularly attempts to collect debts alleged to be due another.

6. Defendant MIKE VOLTER is a natural person employed by Defendant NCO as a collector at all times relevant to this complaint.

7. Defendant JASON CONLON is a natural person employed by Defendant NCO as a collector at all times relevant to this complaint.

8. Defendant JEREMY DOE whose true and correct last name is unknown is employed by Defendant NCO as a collector at all times relevant to this complaint.

9. Defendant are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10. Plaintiff Pat Proden is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

11. The purported debt that Defendants attempted to collect from Plaintiffs was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

## IV. FACTUAL ALLEGATIONS

12. Plaintiff Pat Proden incurred a financial obligation to Bank of America that was primarily for personal, family, or household purposes (the alleged debt), namely a credit card account that Plaintiff Pat Proden used to make personal purchases of food, clothing, and shelter-related items.

13. Sometime thereafter, Plaintiff Pat Proden is informed and believes that the alleged debt was consigned, placed, sold, or otherwise transferred to National Recovery Agency ("NRA"). NRA thereafter in turn consigned, placed, sold, or otherwise transferred the alleged debt to Defendant for collection from Plaintiff Pat Proden.

14. On or about February 7, 2006, Plaintiff Pat Proden spoke to Defendant Conlon on the telephone; the latter told Plaintiff Pat Proden that he needed to immediately pay $5400 or his account would be "accelerated into judgment."

15. Defendant Conlon told Plaintiff Pat Proden that he would be sued in court and lawyer fees would be assessed if he did not immediately pay and provide full bank and credit card account information.

16. To date no action has been commenced against Plaintiff Pat Proden, who is informed and believes that Defendants had no authority to so proceed.

17. Defendant Conlon demanded that Plaintiff Pat Proden give him his credit card number and bank account number to deduct $5400.

18. Defendant Conlon further stated that he placed Plaintiff Pat Proden on what Defendant Conlon termed without explanation a "federally recorded line," thereby implying association with the U.S.

19. Plaintiff Pat Proden requested that Defendant Conlon send him a fax as to any payment arrangements, and verification of the alleged debt sought (i.e. the $5400 payment) and the debt incurred; Defendants did not respond to this request.

20. Defendants did not send a validation notice to Plaintiff Pat Proden within five days after the initial communication.

21. Defendants harassed and coerced Plaintiff Pat Proden in an attempt to get Plaintiff to pay off the alleged debt by demanding immediate payment and by threatening legal action that Defendants did not intend to take.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

22. On or about February 17, 2006, Defendant Mike Volter called Plaintiff Shaun Proden before 8:00 a.m. in an attempt to collect the alleged debt. Defendant Volter stated that Plaintiff Pat Proden had an outstanding debt and misrepresented that he was from Bank of America.

23. Defendant Volter also demanded that Plaintiff Shaun Proden transmit the message to Plaintiff Pat Proden within 24 hours in order for the latter to avoid suit. Plaintiff Shaun Proden asked that Defendant Volter not call before 8:00 a.m.

24. On or about February 21, 2006, Defendant Jeremy Doe called Plaintiff Shaun Proden before 8:00 a.m. in an attempt to collect the alleged debt

25. Defendant Jeremy Doe misrepresented that he was with Bank of America and that Plaintiff Pat Proden had an outstanding debt.

26. Defendant Jeremy Doe further demanded that Plaintiff Shaun Proden transmit the message to Plaintiff Pat Proden within 24 hours in order for the latter to avoid suit; Plaintiff Shaun Proden asked that Defendant Jeremy Doe not call before 8:00 a.m.

27. Defendants misrepresented the amount of the debt that they tried to collect by stating that if Plaintiff Pat Proden did not pay the alleged debt it would go to a $29,000 judgment.

28. As a result of the acts alleged above, Plaintiffs experienced severe stress, serious anxiety, fevers, headaches, night sweats, sleeplessness, reduced appetite, nervousness, fear, worry, loss of happiness, loss of sleep, insomnia, nightmares, loss of appetite, sensitive stomach, loss of happiness, hypertension and severe stress.

### V. FIRST CLAIM FOR RELIEF
#### (As against all Defendants for Violation of FDCPA)

29. Plaintiffs repeat and reallege and incorporate by reference all of the foregoing paragraphs.

30. Defendants violated the FDCPA by the above-described actions. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the alleged debtor and failing to identify themselves, and failing to state that they were confirming or correcting location information concerning Plaintiff Pat Proden ;

(b) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than Plaintiff Pat Proden and stating to such other persons that the Defendants were attempting to collect a debt;

(c) The Defendants violated 15 U.S.C. § 1692b(3) by communicating with persons other than Plaintiff Pat Proden and contacting that person more than once;

(d) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiffs before 8 o'clock antemeridian.

(e) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

(f) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural `consequence of which was to harass, oppress, and abuse plaintiffs in connection with the collection of the alleged debt;

(g) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiffs in connection with the collection of the Debt;

(h) The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing their identity;

(i) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(j) The Defendants violated 15 U.S.C. § 1692e(1) by the false implication that they were affiliated with the United States.

(k) The Defendants violated 15 U.S.C. § 1692e(2) by giving the false impression of the character, amount or legal status of the alleged debt;

(l) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(m) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt and to obtain information regarding a consumer;

(n) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(o) The Defendants violated 15 U.S.C. § 1692e(11) by failing to include in the first communication the following warning: "This is an attempt to collect a debt and any information obtained will be used for that purpose;"

(p) The Defendants violated 15 U.S.C. § 1692e(14) by including in a communication a name other than the true name of the Defendants' business;

(q) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(r) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

(s) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send Plaintiff Pat Proden a validation notice within five days of the initial communication;

(t) The Defendants violated 15 U.S.C. § 1692g(a)(3) by failing to include in the validation notice a statement that if Plaintiff Pat Proden does not dispute the debt within thirty days then the debt will be assumed to be valid;

(u) The Defendants violated 15 U.S.C. § 1692g(a)(4) by failing to include in the validation notice the statement required by this section;

(v) The Defendants violated 15 U.S.C. § 1692g(a)(5) by failing to include in the validation notice the statement required by this section.

31. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the FDCPA, Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendants and each of them for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;
B. Actual damages pursuant to 15 U.S.C. § 1692k;
C. Statutory damages pursuant to 15 U.S.C. §1692k;

1  D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

2  E. For punitive damages.

3  F. For such other and further relief as the Court may deem just and proper.

_____
Eric F. Fagan, Attorney for Plaintiffs

5/4/06

Tim Cook, Attorney for Plaintiff
Alaska Bar No. 9007048

**COMPLAINT AND DEMAND FOR JURY TRIAL**