William R. Warnock, Jr.
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, Alaska 99501
(907) 279-3581
(907) 277-1331 fax
WRW@delaneywiles.com

Attorneys for defendant NCO Financial Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAT PRODEN & SHAUN PRODEN,<br><br>    Plaintiffs,<br>vs.<br><br>NCO FINANCIAL SYSTEMS, INC., a corporation, MIKE VOLTER, an individual; JASON CONLON, an individual; JEREMY DOE, an individual; and DOES 2 through 10 inclusive,<br><br>    Defendants. | CASE NO.: 3:06-CV-00103-TMB |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc. ("NCO"), submits this Answer and Affirmative Defenses to Plaintiffs' Complaint and states as follows:

### I. INTRODUCTION

1. NCO admits that plaintiffs purport to seek redress for violations of the FDCPA as alleged in ¶ 1 of the Complaint, but denies violating the FDCPA and denies any liability or wrongdoing under the law.

### II. JURISDICTION AND VENUE

2. NCO admits the allegations in ¶ 2 of the Complaint for jurisdiction and venue purposes only.

### III.  PARTIES

3.  NCO denies the allegation in ¶ 3 of the Complaint for lack of knowledge or information.

4.  NCO denies the allegation in ¶ 4 of the Complaint for lack of knowledge or information.

5.  NCO admits it is a Pennsylvania corporation located at the address stated in ¶ 5 of the Complaint.  NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 5.

6.  NCO admits it employed Mike Voelker at all times relevant to the complaint. Except as specifically admitted, NCO denies the remaining allegations in ¶ 6 of the Complaint for lack of knowledge or information.

7.  NCO admits it employed Jay Conlon at all times relevant to the complaint.  Except as specifically admitted, NCO denies the remaining allegations in ¶ 7 of the Complaint for lack of knowledge or information.

8.  NCO denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information.

9.  NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable provisions of that statute.   NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as specifically admitted, NCO denies the remaining allegations contained in ¶ 9.

10.  NCO denies the allegations in ¶ 10 of the Complaint for lack of knowledge or information.

11.  NCO denies the allegations in ¶ 11 of the Complaint for lack of knowledge or information.

## IV. FACTUAL ALLEGATIONS

12. NCO admits its records reflect Bank of America placed plaintiff Pat Proden's account with NCO for collection on January 31, 2006. Except as specifically admitted, NCO denies the remaining allegations in ¶ 12 of the Complaint for lack of knowledge or information.

13. NCO admits its records reflect Bank of America placed plaintiff Pat Proden's account with NCO for collection on January 31, 2006. Except as specifically admitted, NCO denies the remaining allegations in ¶ 13 of the Complaint for lack of knowledge or information.

14. NCO denies the allegations in ¶ 14 of the Complaint for lack of knowledge or information.

15. NCO denies the allegations in ¶ 15 of the Complaint for lack of knowledge or information.

16. NCO admits it has not commenced any action against plaintiff Pat Proden. Except as specifically admitted, NCO denies the remaining allegations in ¶ 16 of the Complaint for lack of knowledge or information.

17. NCO denies the allegations in ¶ 17 of the Complaint for lack of knowledge or information.

18. NCO denies the allegations in ¶ 18 of the Complaint for lack of knowledge or information.

19. NCO admits it records reflect on February 23, 2006 plaintiff requested validation of the debt. Except as specifically admitted, NCO denies the remaining allegations in ¶ 19 of the Complaint for lack of knowledge or information.

20. NCO denies the allegations in ¶ 20 of the Complaint for lack of knowledge or information.

21. NCO denies the allegations in ¶ 21 of the Complaint.

22. NCO admits its records indicate a message was left with plaintiff Pat Proden's brother on February 15, 2006. Except as specifically admitted, NCO denies the remaining allegations in ¶ 22 of the Complaint for lack of knowledge or information.

23. NCO denies the allegations in ¶ 23 of the Complaint for lack of knowledge or information.

24. NCO admits its records indicate a message was left with plaintiff Pat Proden's brother on February 20, 2006. Except as specifically admitted, NCO denies the remaining allegations in ¶ 24 of the Complaint for lack of knowledge or information.

25. NCO denies the allegations in ¶ 25 of the Complaint for lack of knowledge or information.

26. NCO denies the allegations in ¶ 26 of the Complaint for lack of knowledge or information.

27. NCO denies the allegations in ¶ 27 of the Complaint for lack of knowledge or information.

28. NCO denies the allegations in ¶ 28 of the Complaint for lack of knowledge or information. NCO further specifically denies any liability or wrongdoing to the extent alleged in ¶ 28 of the Complaint.

## V. FIRST CLAIM FOR RELIEF

(As against all Defendants for Violation of FDCPA)

29. NCO incorporates its responses in the foregoing paragraphs as though set forth in full.

30. NCO denies the allegations in ¶ 30 and subsections (a) through (v), inclusive, of the Complaint.

31. NCO denies the allegations in ¶ 31 of the Complaint.

## AFFIRMATIVE DEFENSES

1. One or more of the Counts contained in the Complaint fail to state a claim upon which relief may be granted.

2. Plaintiffs' Complaint is barred by the applicable statute of limitations.

3. Plaintiffs lack standing to bring these claims.

4.      Pursuant to 15 U.S.C. § 1692k(a)(3), to the extent plaintiffs have brought this action in bad faith and for the purpose of harassment, NCO is entitled to attorney's fees and costs incurred in defending against this action.

5.      Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, NCO requests that this action be dismissed and that NCO be awarded costs and attorneys fees and any other appropriate relief.

Dated:    6/29/06

s/William R. Warnock, Jr.
Delaney Wiles, Inc.
1007 West 3rd Avenue Suite 400
Anchorage, Alaska 99501
WRW@delaneywiles.com
(907)-279-3581
(907)-277-1331 fax

Certificate of Service

I hereby certify that the
parties below were served
by electronic service on
6-29-06

Eric Fagan – efagan@efaganlaw.com

Tim Cook – tcook@acsalaska.net

William R. Warnock, Jr.

118774