Tim Cook (Name)

Law Offices of Tim Cook (Law Firm)

3901 Taiga Drive (Street Address)

Anchorage, AK 99516 (City, State, Zip)

Telephone: (907) 336-5291
Facsimile: (907) 336-5292
e-mail: tcook@acsalaska.net

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Pat Proden and Shaun Proden ) | Case No. 3:06-CV-00103 TMB |
| ) | |
| Plaintiff(s) ) | SCHEDULING AND PLANNING |
| vs ) | CONFERENCE REPORT |
| NCO Financial Systems, INC, a corporation; ) | |
| Mike Volter, an individual; Jason Conlon, an ) | |
| individual; Jeremy Doe, an individual; and Does ) | |
| 2-10 ) | |
| Defendant(s) ) | |

1. **Meeting.** In accordance with FED. R. CIV. P. 26(f), a meeting was held on August 30, 2006 and was attended by:

Tim Cook                    attorney for Plaintiffs

Eric F. Fagan               attorney for Plaintiffs

William Warnock             attorney for Defendant NCO

                            attorney for

The parties recommend the following:

2. **Pre-Discovery Disclosures.** The information required by FED. R. CIV. P. 26(a)(1):

   ☐ have been exchanged by the parties

   ☒ will be exchanged by the parties by October 2, 2006

   Proposed changes to disclosure requirements:

   Preliminary witness lists

   ☐ have been exchanged by the parties

   ☒ will be exchanged by the parties by October 2, 2006

3. **Contested Issues of Fact and Law.** Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

   1) Whether Defendant's conduct constituted the use of prohibited and illegal means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692 (FDCPA);

   2) Whether Defendant's are liable to Plaintiffs for punitive damages;

   3) Whether each Plaintiff is entitled to statutory damages;

   4) Whether Plaintiffs are entitled to statutory damages for each violation of a section of the FDCPA; and,

   5) Whether Plaintiffs are entitled to statutory damages for each violation by each defendant of a section of the FDCPA.

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

   A. Discovery will be needed on the following issues:

   Plaintiffs will propound written discovery and plans to depose Defendants and possible third parties with knowledge about the alleged violations of 15 U.S.C. 1692. Thus at this time Plaintiffs anticipate taking approximately five depositions. Plaintiffs reserve the right to take additional depositions if the need for them is disclosed during discovery. Additionally, as Plaintiffs have not yet received Defendant's initial disclosures, Plaintiffs will re-evaluate the necessity for depositions after receiving Defendant's disclosures of witnesses.

   Identity and location of the individual NCO employees alleged to be in violation of the FDCPA is within the sole control of NCO. Counsel for NCO will not be representing these employees and therefore will not accept service. Because Plaintiffs cannot obtain such information without conducting discovery, service cannot be effected within the 120-day time limit Therefore Plaintiffs have moved to dismiss employees without prejudice and will seek to rejoin at later date. This situation requires extending discovery until June 28, 2007.

   B. All discovery commenced in time to be completed by ("discovery close date").

   C. Limitations on Discovery.

   1. Interrogatories
      ☒ No change from FED. R. CIV. P. 33(a)
      ☐ Maximum of ___ by each party to any other party.
      Responses due in ___ days.

   2. Requests for Admissions.
      ☒ No change from FED. R. CIV. P. 36(a).
      ☐ Maximum of ___ requests.
      Responses due in ___ days.

SCHEDULING & PLANNING CONFERENCE REPORT    3

3. Depositions.

☒ No change from FED. R. CIV. P. 36(a), (d).

☐ Maximum of ___ depositions by each party.

Depositions not to exceed ___ hours unless agreed to by all parties.

D. Reports from retained experts.

☒ Not later than 90 days before the close of discovery subject to FED. R. CIV. P. 26(a)(2)(C).

☐ Reports due:

From plaintiff                    From defendant

E. Supplementation of disclosures and discovery responses are to be made:

☐ Periodically at 60-day intervals from the entry of scheduling and planning order.

☒ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

☒ 45 days prior to the close of discovery.

☐ Not later than

5. **Pretrial Motions.**

☒ No change from D.AK. LR 16.1(c).

The following changes to D.AK. LR 16.1(c). [Check and complete all that apply]

☐ Motions to amend pleadings or add parties to be filed not later than

___

☐ Motions under the discovery rules must be filed not later than

☐ Motions in limine and dispositive motions must be filed not later than

SCHEDULING & PLANNING CONFERENCE REPORT        4

6.  **Other Provisions:**

    A.   ☒ The parties do not request a conference with the court before the entry of the scheduling order.

    ☐ The parties request a scheduling conference with the court on the following issue(s):

    B.   Alternative Dispute Resolution. [D.AK. LR 16.2]

    ☐ This matter is not considered a candidate for court-annexed alternative dispute resolution.

    ☒ The parties will file a request for alternative dispute resolution not later than January 25, 2007

    ☒ Mediation     ☒ Early Neutral Evaluation

    C.   The parties ☐ do ☒ not consent to trial before a magistrate judge.

    D.   Compliance with the Disclosure Requirements of FED. R. CIV. P. 7.1

    ☒ All parties have complied    ☐ Compliance not required by any party

SCHEDULING & PLANNING CONFERENCE REPORT          5

7. Trial

    A. The matter will be ready for trial:

        X    45 days after the discovery close date.

        X    not later than August 13, 2007

    B. This matter is expected to take 5 days to try.

    C. Jury Demanded  X  Yes  _____ No

        Right to jury trial disputed?  _____ Yes  X  No

Dated:  September 20, 2006.   Attorney for Plaintiff

                                        s/ Tim Cook (Consent)
                                        Tim Cook
                                        Law Offices of Tim Cook
                                        3901 Taiga Drive
                                        Anchorage, AK 99516
                                        Phone 907-336-5291
                                        Fax:  907-336-5292
                                        Tcook@acsalaska.net


                                        Attorney for NCO

                                        s/William R. Warnock, Jr.
                                        William R. Warnock, Jr.
                                        Delaney Wiles, Inc.
                                        1007 West 3rd Avenue, Suite 400
                                        Anchorage, Alaska 99501
                                        Phone 907-279-3581
                                        Fax    907-277-1331
                                        WRW@delaneywiles.com

.

Certificate of Service:

I certify that an electronic
copy of this document was
served upon:

Tim Cook
Eric F. Fagan


<u>William R. Warnock</u>

*Proden v. NCO*, Case No. 3:06-cv-00103 (TMB)
Scheduling and Planning Conference Report