**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

PAT PRODEN & SHAUN PRODEN,   )
                             )
        Plaintiff(s),        )
                             )   **Case No. 3:06-cv-00103 TMB**
v.                           )
                             )
NCO FINANCIAL SYSTEMS, INC.  )
a corporation, et al.,       )
                             )
        Defendant(s).        )
_____)

SCHEDULING AND PLANNING ORDER

  Based upon information available to the court through a status report completed by the parties pursuant to Rules 16 and 26(f), Federal Rules of Civil Procedure, and D.Ak. LR 16.1, and, if one was held, the scheduling and planning conference, this order for the pre-trial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

<u>Discovery</u>

  Discovery shall be conducted in accordance with Rules 26 through 37, Federal Rules of Civil Procedure, D.Ak. LR 30.1, 32.1, and 37.1, and the discovery plan contained in the status report of the parties except that:

  (1) Counsel for each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure. Unless required in support of a motion or by order of the court, disclosures and supplemental disclosures are not to be filed with the court.

  (2) Joint statement of issues:

    (a)  _x_ Nothing further is required.

    (b)  _ The parties have not submitted a preliminary joint statement of issues. The parties shall meet, prepare, and file a preliminary joint statement of issues by .

SCHEDULING & PLANNING ORDER
[3-06-cv-103 SPO.wpd]{IIC2.WPD*Rev. 7/04}

    (3) Preliminary disclosures (including a preliminary witness list) is required as a part of the Rule 26(a)(1) disclosure:

        (a) _ Have been exchanged

        (b) _x_ Will be exchanged by October 2, 2006

    (4) Expert witness disclosures in accordance with Rule 26(a)(2) must be made not later than 90 days before the close of discovery.

    (5) Not later than 45 days before the close of discovery, each party shall serve and file a final, revised witness list which unless otherwise specifically stated must include expert as well as lay witnesses.  Only those witnesses so disclosed will be permitted to testify at trial.

    (6) All discovery must be scheduled so as to be <u>completed</u> by  June 28, 2007.

    (7) If expert witness or other fact discovery is not completed by the dates above specified, counsel may stipulate to a continuance of no more than two months for completion of the same, provided that any such stipulation shall state precisely what discovery remains and when it will be accomplished.  A discovery conference must be requested if more time is required to complete such discovery.  The court will not routinely approve requests or stipulations for extensions of time for discovery.

    (8) Limits on discovery:

        (a)    _x_ No limitations on discovery other than those suggested by the parties are imposed at this time.

        (b)    _ Requests for admissions are limited to _.

        (c)    _ Interrogatories(including subparts) to parties are limited to _.

        (d)    (1) _ Depositions are limited to _ per side

            (2) _ Depositions are limited to _ hours per non-party witness.

        (e)    _ [other as directed by the court].

    (9)  Disclosures and discovery responses are to be supplemented in accordance with Rule 26(e) at:

        (a) _ -day intervals; or

        (b) _x_ 60 days before the close of discovery.

    (10) The disclosures required by Rule 26(a)(3), Federal Rules of Civil Procedure, to the extent not covered by this order, will be addressed by the court in an Order for Pre-Trial Proceedings & Final Pre-Trial Conference that the court will issue concurrent with setting this case for trial.

    (11)  The deadline for completion of discovery is applicable to all depositions, including what some lawyers call "perpetuation" depositions.  A deposition may be taken after the close of

discovery only by leave of court obtained upon a showing of good cause why the deposition was not taken prior to the close of discovery.

## Motions

(1) Motions to add other parties and/or amend the pleadings subsequent to the date of this order must be served and filed no later than 90 days from the close of discovery. Thereafter, parties may be added and/or pleadings amended only upon leave of court and for good cause shown.

(2) All motions under the discovery rules must be filed no later than thirty (30) days following the date set for the closure of a class of discovery. Discovery motions will be stricken if the parties fail to comply with Rule 37(a)(2), Federal Rules of Civil Procedure, and D.Ak. LR 37.1.

(3) Dispositive motions must be filed no later than thirty (30) days following the date set for the closure of all discovery.

## Further Pre-Trial Proceedings

(1) The parties have not consented to all future proceedings in this case being before a United States magistrate judge.

(2) Status, discovery, settlement, or other pre-trial conferences will be scheduled at the request of a party or at the discretion of the court.

(3) In the event that discovery is completed more than 45 days before the discovery close date set in this scheduling and planning order, and if no dispositive motion is to be made by any party, counsel for the plaintiff must file a certificate that the case is ready for trial as provided in D.Ak. LR 40.3(b). When the time allowed for discovery and motion practice has passed, and all pending dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial.

## Trial

It is estimated that this case will require five (5) days for trial by Jury.

DATED at Anchorage, Alaska, this 28th day of September, 2006.


/s/ Timothy M. Burgess

_____
TIMOTHY M. BURGESS
United States District Judge